12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Miles MOTTEL, Defendant-Appellant.
 No. 92-50456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Miles Mottel appeals his conviction, which followed a jury trial, on four counts of wire fraud in violation of 18 U.S.C. Secs. 1343, 2. Mottel claims that, absent the testimony of a victim investor, the evidence was insufficient to show that fraudulent claims about his investment company were ever communicated to that investor. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In evaluating the sufficiency of the evidence, we ordinarily review the evidence in the light most favorable to the prosecution to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). Because Mottel failed to renew his motion for acquittal at the close of the evidence, however, we review "only to avoid a manifest miscarriage of justice or plain error." See United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 4
 To sustain a conviction of wire fraud, the evidence must show, among other things, that the defendant transmitted or caused to be transmitted in interstate commerce a wire communication in furtherance of a fraudulent scheme. 18 U.S.C. Sec. 1343; United States v. Kaplan, 554 F.2d 958, 965 (9th Cir.), cert. denied, 434 U.S. 956 (1977). The prosecution need not prove that the defendant's fraud actually induced a victim to act; it need only show that a fraudulent statement communicated to the victim had the natural tendency to influence his decision to act. United States v. Halbert, 640 F.2d 1000, 1008 (9th Cir.1981).
 
 
 5
 Here, Mottel was charged with defrauding five victims who believed they were investing in precious metals through his company, Richardson-Price. Mottel conceded at trial that the sales brochure he routinely had mailed to prospective investors contained false statements. Four of the victims testified that, based upon these statements, they decided to complete and mail the Customer Account Agreement which constituted the final page of the sales brochure. Mottel's secretary testified that, when orders arrived from established clients, she indicated on the order ticket whether the client's completed Customer Account Agreement was on file. Mottel's fifth victim, Joseph Eastep, suffered a heart attack shortly before trial and was unable to testify. The evidence showed, however, that Eastep had invested some $40,000 with Richardson-Price, and that Mottel's secretary had indicated on Eastep's order ticket that his completed Customer Account Agreement was on file.
 
 
 6
 Mottel argues on appeal that without Eastep's testimony, the government failed to prove that Eastep had ever received the sales brochure containing the fraudulent claims about Richardson-Price. We disagree. The evidence that it was the brochure that persuaded other clients to invest with Richardson-Price supports the inference that Eastep had encountered the same inducement, and that it tended to influence his decision to act. The testimony that the brochure was routinely mailed to prospective clients and that company records showed that Eastep's completed Customer Account Agreement, the final page of the brochure, was on file, further supports the conclusion that he had received the brochure. We have no trouble concluding that a rational juror could have concluded from the evidence that Eastep had been mailed the brochure, and we discern no miscarriage of justice in Mottel's conviction on these charges. See Stauffer, 922 F.2d at 511.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3